**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 27 2016 ★

LONG ISLAND OFFICE

---------------------------------------------X

| | | |
|---|---|---|
| **JASON P BRAND** | : | 2:15-cv-05021-JMA-GRB (Original complaint) |
| Plaintifff(s), | : | |
| -against | : | |
| | : | MOTION: FOR PERMISSION TO MISJOIN |
| **CIGNA LIFE INSURANCE CO.** | : | PARTY NOT SUBJECT TO SDNY "STAY" |
| | | AND PROCEED WITHOUT DELAY |
| Defendants, | : | |

---------------------------------------------X

I hereby request that this court allows me to seek claims under the ERISA statue against Cigna Life Insurance Company, a Connecticut based Insurance carrier for breach of their contract and duty under the ERISA statue.

Upon records I have obtained through the USDOL, Form 5500 documents have been filed each year, including the year in which I bring this claim for benefits for Long Term Insurance. This plan as filed is an "Insurance" product filed and regulated under the Employment Retirement Insurance Security Act, and all claims for benefits have been made directly to Cigna Life Insurance Company, and all denials have also been furnished by Cigna Insurance Company. Cigna Insurance company has acted under a compensation arrangement per the 5500 Filing to handle all claims determinations and payment of benefits per the policy.

Given, the fact that the SDNY has made clear that no action shall be made against the court appointed receiver "Lori Lapin Jones", I will comply with such order of Hon. Koehtl, as well as your order to dismiss this action against Ms. Jones in her capacity as an fiduary of Narco Freedom Inc., my past employer and as a court appointed agent.

However, as Hon. Koehtl has allowed many other cases that are pending in which there has been insurance in place in which there continues to be a duty to defend, without delay therefore, not causing any further harm to myself, therefore prejudicing any rights afforded to me in this action.

RECEIVED
JAN 2 8 2016
EDNY PRO SE OFFICE

This action was brought one year from the date of claim, it is now the 16th month since such claim for benefits has been claimed.

It's evident that this delay has already caused an undue burden on myself as an unemployed and disabled individual, who cannot obtain employment with my current ongoing medical conditions in which Cigna Life Insurance Long Term Disability Plan provided benefits.

Under this motion I do not wish to waive any rights afforded to me in the SDNY bankruptcy proceeding against Narco Freedom Inc., and or the "stayed" EDNY case v. Narco Freedom, Inc., and/or any of their assignees, delegates, or agents that are not subject to restraints or limitations under any court order or constitutional right.

I ask that this motion also acknowledge that Narco Freedom as my ex- employer cannot act legally as a plan administrator and or trustee for this plan as per the Southern District's order. Therefore, there is no reason to delay this action further against Cigna Life Insurance Company, as their duties and obligation as an insurer regulated under ERISA still remains the same. They are not subject to the bankruptcy proceeding, as NYS Insurance Law makes clear that a bankruptcy or insolvency cannot void or waive any rights via suit against an insured or claimant. Also this is a claims made policy and such claim has been made during a policy period in which the insurance was valid and acknowledged the claim as being valid.

Therefore, I still have the same causes of actions in which I had brought initially to this court, even before the Court Appointed receiver was appointed by the court.

I wish to try and substantiate the fact that we are dealing with a cause of action under the ERISA statue primarily, not the ADA. I ask the court to preserve my rights under the statute of limitations of the date of filing of this case, and separate this case into its own action against the insurance company "Cigna Life Insurance". The 5500's have made the fact clear that such policy is NOT self-funded by my Ex-employer, and is in fact an insurance policy in which the claims would be paid solely by Cigna Life Insurance company under the terms and regulations governed by the US ERISA statue.

If the policy documents were provided to me under USC 1132(a) - 502(a)(1)(A) & 502(c) I would have known this policy was not SELF FUNDED, and the case would not have been subject to the unnecessary "stay" in which has added an additional 9 months of waiting for the plan to act per the statue.

The "stay" should not be any excuse for the delayed obligation the defendant has had to comply under their insurance contract and/or USDOL ERISA regulations in which allows up to 45 days to provide the initial determination on the claim (30-days plus another 15 days if needed) and during the appeal process another 30 days with the optional 15 days "if consented by the parties".

The plan provided benefits to be paid after a 90-day elimination period or 90-days, which would also account for the maximum amount of time under ERISA Cigna Insurance would have been allocated to made a claim determination as per the statue.

Cigna states that they need a valid job description to be provided in order for them to determine if I would qualify for the benefits. I have provided such information both to this court and to Cigna during the claim process, yet Cigna states "They are keeping the claim open until my employer provides such job description." (I do not believe this is happening, there is no longer an employer inexistence)

They also state that in order for my claim to be valid, a 90-day elimination period would need to be exhausted. This is undisputable, as stated below.

Please keep in mind I claimed two distinct disabilities in which both, including additional disabilities exist due to the lack of resources and health care I have been able to access due to Cigna's failure to provide coverage.

I have Anxiety issues that initiated, back in September 2014, that have gotten quite worse that was triggered initially due to a NYS AG raid on my offices, in which a search warrant was issued, given the record was sealed and not unsealed until a grand jury indictment that got unsealed in Bronx Supreme Court on Public Television the end of October. I believe such anxiety is warranted and reasonable.

I now am in the middle of a custody battle involving my 7-year-old children, among other issues, that I rather not even get into, yet many issues are in plain sight and evident if any "reasonable person" were to check the cases pending Pro-Se' in your courthouse, and the alleged injustices I have been fighting to preserve my rights, as a poor prose' litigant, in which I suppose have been jeopardized by many insurance companies in my rights to my Due Process and Self-incrimination, before I am even tried for an alleged act in an unrelated action in State Supreme Court.

All insurance companies can "allege" all they want, yet I was always under the impression that insurance companies were formed to protect their clients from "harm" and protect their families. Insurance companies are supposed to be fair and reasonable in the interests of the "insured" not contrary to such. Yet, from the various dockets or other cases pending, "Insurance companies are very fast to find reason to deny claims, wherever possible." As legal counsel would be sure to advise me to "stay all civil proceedings", until my alleged criminal indictment is settled. Yet, I can't, I am losing everything I worked for, and I have obligations to my family, and can only assume and hope that the "Federal Court" being a court of high standard's with a strong emphasis on one's "constitutional rights" would protect me from "foul Play" and injustice.

I also have gone for Cervical Neck Fusion Surgery on Jan. 14th, 2015. Surgery was far from my first attempt to alleviate the associated symptoms and discomfort, let alone my insurance company at the time, would not approve surgery as the first-line of treatment, as such surgery is not very successful (high failure rate) and has some very permanent effects physically, I now have permanent screws and artificial materials in my neck, let alone complications such as "breathing" difficulties.

Cigna is governed under ERISA and thus from my understanding we are limited in scope in this claim if defendant contends that there was no Plan administrator, therefore they feel they had no obligation. This is a false interpretation of the law. Yet, here are the statues in which I feel are

relevant to the claim, and I ask that the court interpret such as them seem appropriate in this action if allowed to proceed separately against Cigna Life Insurance as the "sole" Defendant.

USC 1132(a) - 502(a)(1)(A) & 502(c) as to date the mandated statutory plan documents till this date were never provided to myself within the 10 -day period in which such was requested, as provided to date in the docket, such causes of actions already exist, and I had asked both my ex-employer Narco Freedom and Cigna Life Insurance Claims for such. No one would even tell me who the broker of record was, and when I asked "a" broker of Narco Freedom, Inc., Mr. Roy Halverson, Mass Mutual he initially told me the plan was under United Health Care, yet corrected himself the following day as the plan being under Cigna, and He provided the Basic benefits, as provided in the proceeding. So any terms or conditions of the claim, its policy would technically be moot, as such policy documents were never provided.

502(a)(3) - in which where seems to be the "catch-all" statue, in which allows remedies and injuries associated with the plans failure to trigger per the ERISA Statue. I am aware that "remedies are somewhat limited under this statue, yet I have actual damages"

Damages

- No income/ No Health Insurance/ No Support for My family
- Sustained further injury to include emotional and mental anguish, as I could not provide for my family, and still cannot
- I have two short sales for investment property, and my primary residence is not filed with a Lis-Pen dens
- My credit went from an 850-400, I lost all credit worthiness
- My boat (which is a whole other issue in itself under maritime law) and automobile(s) have been reprocessed due to NO replacement income
- I have literally been unable to eat due to the fact I don't have income, and have so far lost 20lbs
- I now have arthritis and had surgery in my shoulder 3/2015, Cigna should have been providing insurance for months at this point.
- I have diagnosed Carpel Tunnel Syndrome, the reason I went on leave and essentially disability was due to neuropathy, right sided." Dropping objects", well the latest and greatest has been Carpel Tunnel Syndrome, yet I now have Medicaid, due to not having insurance as promised, and I can't seem to find any local doctors to help me. My providers I was going to do not take Medicaid or Medicaid managed care.
- Cigna's false promises, has therefore resulted in false promises by myself to my family, and now I have lost my family in the mist of this ordeal. How do you calculate the damages related to a broken promise and ongoing violation of their insurance policy and the federal ERISA statue when you lose everything including your family?
- What has been suffered can never be replaced! Yet, debt can be paid, credit cannot be restored, some property maybe able to be salvaged?
- It all depends upon the court, and If the law allows this action to proceed, and or the court allows immediate remedies in the meantime, to prevent further harm?

Other statues, if allowed to be claimed under NYS Insurance law to include:
*Breach of Contract*
*Tort of Bad Faith*

I am very aware that in NY especially the court very often feels the breach of contract claim and/or the failure of the insurance company act in good faith during the claims process may be duplicative of a cause of action for bad faith.

However, my case is somewhat unique as stated above. The actions taken by Cigna Insurance company if you read their various response to myself when the appeal was denied after I provided a "JD" and other updated health information as of the date of appeal. Cigna States that "they need a "JD" from my employer, they Cigna and as well as myself have been unsuccessful in obtaining such, as both of us diligently have tried to obtain such. They state they are unable to determine if my current functioning prohibits myself from performing my day to day functions without this information, and my description was not sufficient. And they will keep my file open until they receive such information from my employer, and later decided to close the file, when the employer "supposedly never gave them such information." Which is not "fair and reasonable" as well as NOT in the "interests of the insured. In the communication to NYS Department of Financial Services. They state: "They are unable to make a claim decision based upon Mr. Brand and/or his Employer providing a "Job Description" therefore they will not be able to determine if Mr. Brand meet the "policy's definition" of a covered disability. Then I contacted the USDOL- EBSA and Cigna now has a different story, "We Do not believe Mr. Brand has a valid Claim." This is their answer last month. So the claim was valid yet, they needed a Job description (Which I provided both to this court and to Cigna Insurance) and 14 months after the claim is submitted "Cigna feels my claim is invalid." Which is it? Cigna Provided this interpretation to the USDOL, last month, I had no clue they changed their view on the claim. Again, I have no idea what the definition of a disability under their policy is, given I was never furnished the statutory documentation that included the definition of what constitutes a "disability under the group LTD policy. Therefore, I can only go by plan information provided by the Broker. As attached as "exhibit ___".

This isn't just a breach of contract claim; this is clearly BAD FAITH as well- State Laws do NOT pre-exempt federal laws in regards to ERISA plans. This plan is clearly defined as an ERISA Benefit plan, and confirmed by the filing with the USDOL. Causes of action for BAD Faith and other extra-contrary and/or Tort based claims can be made in addition to ERISA claims in federal court if "There is a clear showing that such claim was handled in a way that intended to cause undue harm to the participant in addition to the breach of contract claim under ERISA Statue.

NYS Insurance law does allow Punitive Damages under the Tort of Bad Faith doctrine, Cigna Life They had a duty under USDOL to act within the statue, they perjured themselves! A valid claim in which they are waiting for a job description that is on hold does not turn into an invalid claim 14 months later when a federal agency intervenes. The opposite should have happened, Cigna Life should have said, "Mr. Brand Placed a claim for X. 10/xx/14 we reached out to the employer 16x and they haven't provided a valid job description, but the company has been taken over by a court appointed receiver, in which Mr. Brand Left prior to her appointment" I would assume EBSA would have acted to protect me and made sure the plan acted in their capacity under the law to the claimant especially after 14 months? But they lied, that's a deliberate attempt to cause harm to the claimant and further delay and or prevent a valid enforceable claim to be honored. This is a distinct difference between a breach of contract claim and a Bad Faith Action that there is "NO DOUBT" they intended to cause further Harm.

The intention of Cigna seems to be that there was never an intention to honor my claim. Yet they are an insurance company, an ERISA regulated Group policy in which I have been employed with the employer

for 17+ years, there was no application for the policy, it was a Group Welfare Plan Governed under USDOL ERISA.

The <u>breach of contract is very clear</u> and is a valid cause of action and that the claim process was not within reasonable and allowable time frames. Also the insurance company failed to provide the statutory documentation within the 10 days of requesting such. That explains in detail how the claims process works, including a copy of such policy stating what is covered. I am only able to rely upon what has been furnished by the Insurance Broker, therefore Cigna's claims I did not meet a "definition of the plans definition of a disability" cannot be enforceable, as such definition within the plan documents were never provided to the claimant.

Given I wish to bring actions separate against Cigna Insurance, I am aware under ERISA I am not entitled to a Jury Trial, therefore I'm very happy to submit my Rule 56 and 56.1 Statements and seek Summary Judgement with the courts permission as I will provide all factual undisputed facts however I just need guidance on the causes of actions in which this court will allow to proceed and what damages will be allowed.

I just want to ask the court to allow me to fast track this case as the time is of the essence given the extreme delay, and the ongoing harm being caused.
Thank you for your consideration.

No other request has been made for the relief that is requested within.

Dated: New York – For EDNY Central Islip

January 21, 2016

Jason P Brand. Plaintiff

C.C. Cigna Insurance via email
SDNY email, Hon. Koeltl. Law clerk
(replied to BK Cl. you stayed in both courts) Not one proceeding
US trustees Office - SDNY BK court
via email