UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JASON BRAND,

                Plaintiff,

    -against-

NARCO FREEDOM, INC., et al.,

                Defendants.
------------------------------------------------------------------------X

**FILED**
**CLERK**
3/31/2016 1:33 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
15-CV-5021 (JMA)(GRB)

**AZRACK, United States District Judge**:

Plaintiff Jason Brand commenced this action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"), , as well as claims under ERISA against CIGNA Life Insurance Company of New York ("CIGNA").

## I.  BACKGROUND

Plaintiff Jason Brand commenced this action on August 19, 2015, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") against Narco Freedom Inc. ("Narco Freedom"), NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services, and Correction Officer John Doe, in connection with his employment at Narco Freedom.  On September 21, 2015, plaintiff filed a supplemental complaint alleging claims under ERISA against CIGNA Life Insurance Company of New York.

## II.  DISCUSSION

### A.  <u>In Forma Pauperis</u> Application

Upon review of plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed <u>in forma pauperis</u> is granted.

### B.  **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a pro se litigant and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550

U.S. at 555).

C. **Plaintiff's Title VII and ADA Claims**

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to the . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e–2(a)(1); see also Figueroa v. RSquared NY, Inc., 89 F. Supp. 3d 484, 488 (E.D.N.Y. 2015). In order to state a claim for discrimination under Title VII, a plaintiff must allege an employment relationship. Here, plaintiff only alleges an employment relationship as to Narco Freedom. The complaint does not allege that plaintiff was ever employed by (or maintained an employment relationship with) defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services, and Correction Officer John Doe. Therefore, plaintiff's Title VII claims are dismissed as to defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services, and Correction Officer John Doe pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to state a claim for relief.

The ADA prohibits disability discrimination by a covered entity, such as an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. §§ 12111(2), 12112(a). The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Here, the only entity that plaintiff has alleged an employment relationship is Narco Freedom. As explained above, the complaint contains no allegations that plaintiff was ever employed by defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of

Alcoholism and Substance Abuse Services, and Correction Officer John Doe. Therefore, plaintiff's ADA claims are dismissed as to defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services, and Correction Officer John Doe pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) for failure to state a claim for relief.

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the Title VII and ADA claims against defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services, and Correction Officer John Doe are sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) for failure to state a claim for relief. Plaintiff's Title VII and ADA claims against defendant Narco Freedom are stayed pending the conclusion of bankruptcy proceedings in United States Bankruptcy Court for the Southern District of New York, In re Narco Freedom, Inc., No. 16-10123(SMB). Plaintiff's ERISA claims against Defendant CIGNA Life Insurance Company of New York may proceed and plaintiff is granted leave to file the complaint as to that claim without prepayment of the filing fee or security. Defendant CIGNA Life Insurance Company of New York is directed to alert the Court by April 13, 2016 if it agrees to waive service.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED**.                                                     _/s/_JMA_____
                                                                                Joan M. Azrack
Dated:  March 31, 2016                                      United States District Judge
            Central Islip, New York