```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON BRAND,
```

                Plaintiff,        **REPORT & RECOMMENDATION**
                                                15-CV-5021 (JMA)(GRB)

-against-

NARCO FREEDOM, INC., et al.,

                Defendants.
------------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge**:

    *Pro se* plaintiff Jason Brand commenced this action asserting various claims, as discussed in the undersigned's Report and Recommendation in connection with a motion to dismiss by defendant Narco Freedom, Inc. Docket Entry ("DE") 105. Familiarity with that opinion is assumed. Currently before the Court is a motion for summary judgment by defendant Cigna Life Insurance Company of New York ("CLICNY") as to the ERISA claim against it. *See* DE 36 at 4 (construing plaintiff's claims against CLICNY as falling within the ambit of ERISA). For the reasons set forth herein, it is respectfully recommended that the motion be GRANTED as to the claims against CLICNY.

## STANDARD OF REVIEW

    This motion is decided under the well-defined and oft-repeated standard for resolution of a summary judgment motion under Federal Rule of Civil Procedure 56, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F.Supp.3d 198, 211 (E.D.N.Y. 2015), *aff'd* 2016 WL 1055374 (2d Cir. 2016), which discussion is incorporated by reference herein. As this Court has previously ruled:

> Federal Rule of Civil Procedure 56(c) permits the Court to grant summary judgment only if the pleadings, testimony, and evidence on file "show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden on such a motion. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "If the summary judgment movant satisfies its initial burden of production, the burden of proof shifts to the nonmovant who must demonstrate that a genuine issue of fact exists for trial." *Micari v. Trans World Airlines, Inc.*, 43 F.Supp.2d 275, 278 (E.D.N.Y.1999) (citing Anderson, 477 U.S. at 250).

In deciding the motion, the Court resolves all ambiguities and draws all inferences in favor of the non-moving party. *Ackerman v. Nat'l Fin. Sys.,* 81 F.Supp.2d 434 (E.D.N.Y.2000). Moreover, courts considering motions for summary judgment in discrimination cases "are obliged to exercise particular caution . . . because direct evidence of an employer's discriminatory intent is rare and 'must often be inferred from circumstantial evidence.'" *Serby v. N.Y. City Dep't of Ed*., No. 09–CV–2727, 2012 WL 928194, at *5 (E.D.N.Y. Mar. 19, 2012) (*quoting Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir.2006)) (quotation marks and citation omitted). It is also axiomatic that "pro se papers be held to less stringent standards than formal pleadings drafted by lawyers." *Bobal v. Rensselaer Polytechnic Inst*., 916 F.2d 759, 762 (2d Cir.1990) (internal quotation marks omitted); *see Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." (internal quotation marks and citations omitted)).

Nevertheless, "a plaintiff must provide more than conclusory allegations ... to defeat a motion for summary judgment." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997); *see Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) (plaintiff "may not rely on conclusory allegations or unsubstantiated speculation"); *Johnson*, 731 F.2d at 147 n. 2 ("a mere allegation in [a] pleading [is] insufficient to defeat a summary judgment motion" (internal quotation marks omitted)). If the non-moving party's "evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50 (internal citations omitted). Thus, once the movant has met its burden, the nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation marks and emphasis omitted).

*Whitfield v. Am. Storage & Transp., Inc.,* No. 12-CV-1622 (SJF)(GRB), 2014 WL 204705, at *6

(E.D.N.Y. Jan. 16, 2014), *aff'd*, 588 F. App'x 58 (2d Cir. 2014).  Importantly, here, the Second Circuit has held that a *pro se* is bound by the requisites of Rule 56.1.  *See, e.g., Antwi v. Health & Human Sys. (Ctrs.) F.E.G.S.*, No. 13 CIV. 835 ER FM, 2014 WL 4548619, at *5 (S.D.N.Y. Sept. 15, 2014) (rejecting a *pro se* summary judgment motion for failure to comply with the rule).  Here, Brand has controverted few of the relevant assertions in the defendant's 56.1 statement, *compare* DE 117-4 *with* DE 116; however, the undersigned has also searched the record to ensure the accuracy of the factual assertions presented.  *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) (holding that courts "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file such a statement [pursuant to Local Civil Rule 56.1]").

## FACTS

The relevant undisputed facts include the following:  Brand seeks recovery of alleged underpayment of Long Term Disability benefits pursuant to the terms and condition of the LTD Policy which CLICNY issued to his former employer Narco Freedom ("the Policy").  Brand's LTD benefits were calculated using the following definition:

> **Definition of Covered Earnings**
>
> Covered Earnings means an Employee's annual wage or salary as reported by the Employer for work performed for the Employer as in effect just prior to the date Disability begins. Covered Earnings are determined initially on the date an Employee applies for coverage. A change in the amount of Covered Earnings is effective on the Policy Anniversary following the change, if the Employer gives us written notice of the change and the required premium paid.
>
> It does not include amounts received as bonus, commissions, overtime pay or other extra compensation.
>
> Any increase in an Employee's Coverage Earnings will not be effective during a period of continuous Disability.

6

Lodi Decl. Ex. B at 13, DE 117-2.

The Policy defines "Other Income Benefits" as any benefits listed in the Other Income Benefits provision that an Employee receives on his or her own behalf or for dependents, or which the Employee's dependents receive because of the Employee's entitlement to Other Income Benefits. *Id.* at 13. Other Income Benefits as referred to in the LTD Policy include, but are not limited to any amounts received (or assumed to be received) by the Employee or his or her dependents under any local, state, provincial or federal government disability or retirement plan or law payable for Injury or Sickness provided as a result of employment with the Employer and any Social Security disability or retirement benefits the employee or any third party receives (or is assumed to receive) on his or her own behalf or for his or her dependents; or which his or her dependents receive (or are assumed to receive) because of his or her entitlement to such benefits. *Id.* at 20.

The Policy further provides that the disability benefit shall be:

> **Disability Benefit**     The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit, reduced by any other Income Benefits.
>
> . . .
>
> **Maximum Disability Benefit**:     $10,000.00 per month.

*Id.* at 13. In a Notice of Decision - Fully Favorable, the Social Security Administration granted Brand federal disability benefits retroactive to October 21, 2014. Lodi Decl. Ex. F, DE 117-2. After a successful appeal, by letter dated May 19, 2017, Brand was advised that CLICNY determined he was entitled to benefits under the Policy as long as he continues to meet the terms and conditions of the Policy. Lodi Decl. Ex. E, DE 117-2.

Shortly after receipt of Brand's claim, CLICNY received from Narco Freedom two

Statements of Earnings paid to Brand just prior to or contemporaneously with his claimed disability date. Lodi Decl. Ex. G, DE 117-2. CLICNY also received from Narco Freedom the Employer Portion of the LTD claim form which indicated that Brand worked 35 hours per week. Lodi Decl. Ex. H, DE 117-2

Applying the pertinent terms of the Policy CLICNY determined that Brand's Gross LTD benefit was $5,400.00. CLICNY then reduced this figure by the amount Brand received in SSDI benefits, $2,757.00 and concluded that Brand was entitled to $2,693.00 in Net monthly benefits. Lodi Decl. ¶ 17, DE 117-2.

## DISCUSSION

On this motion, Brand contends that his claims should survive summary judgment primarily based on three issues. First, he seeks the imposition of penalties against CLICNY for the failure to timely submit policy documents. Pl.'s Mem. ¶ 30, DE 118. However, this argument is meritless, as it is undisputed that CLICNY was the insurer, not the administrator, and the penalties identified apply only to the administrator of the policy. *See Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) ("[S]ince Oxford is not [designated as plan administrator], it is not a plan 'administrator' within the meaning of ERISA . . . [Plaintiffs] therefore cannot recover statutory damages under that provision of ERISA for Oxford's nondisclosure of certain information."); *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 135 (2d Cir. 2001) ("By its terms, ERISA allows for civil penalties only if an administrator has refused to comply with a request for information"); *Curran v. Aetna Life Ins Co.,* No. 13-CV-289, 2013 U.S. Dist Lexis 163162, at *9-10 (S.DN.Y. Nov. 14, 2013) (holding that because the plan instrument designated TriNet as the Plan Administrator, and therefore, only TriNet is subject to statutory damages under ERISA §502(c), and statutory penalties may not be imposed upon non-

8

administrators Aetna and the Plan).

Secondly, Brand contests the means by which the benefit was calculated, primarily citing an email he received, rather than the policy document, and suggesting that the email should effectively act as a policy. *See, e.g.*, Pl.'s Mem. ¶¶ 11, 20.  However, there is nothing in the record to suggest that such an outcome would be appropriate – Brand has not effectively disputed that the subject policy documents were not, in fact, the controlling policy.  Moreover, careful review of the Lodi Declaration, which details the documents and calculations relied upon in determining the amount of benefits paid to Brand reveal that, upon the information submitted, appears to have been correctly made.  Plaintiff has failed to identify any actionable errors made in connection with the amount of benefits due and payable.  Similarly, Plaintiff's repeated assertion that the defendant should have calculated benefits based upon his W-2 form rather than the Statements of Earnings supplied by defendant Narco Freedom finds no support in the record.

Finally, Brand suggests, in several places, that the operative monthly limit on the policy was $16,000, rather than the well-documented $10,000.  Pl.'s Mem. ¶ 3.  Even assuming, arguendo, that plaintiff is correct, the calculation, which appears to have been correctly made, provides for a total monthly disability payment of less than $10,000.  Thus, the amount of the monthly limit appears inapposite.

## CONCLUSION

Based on the foregoing, it is respectfully recommended that CLICNY's motion for summary judgment be GRANTED in all respects.

9

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for counsel for CLICNY. Counsel for CLICNY is directed to serve a copy by mail upon plaintiff forthwith and file a proof of service with the Court forthwith. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Meija*, 2018 WL 4847199, at *1.

Dated: January 6, 2020  
       Central Islip, New York

       /s/ Gary R. Brown  
      GARY R. BROWN  
      United States Magistrate Judge