FILED
CLERK

10:02 am, Feb 25, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X    For Online Publication Only
JASON P. BRAND,

            Plaintiff,

  -against-                                **ORDER**
                                           15-CV-5021 (JMA) (AYS)
NARCO FREEDOM, INC., et al.,

            Defendants.
─────────────────────────────────────────X

**AZRACK, United States District Judge:**

      Plaintiff Jason P. Brand ("Plaintiff") commenced this action against defendants in August 2015. In November 2017, the undersigned referred any dispositive pretrial motions to then Magistrate Judge Brown for a report and recommendation. (Electronic Order, 11/16/2017.) In October 2018 Judge Brown conducted a hearing and issued a briefing schedule for defendant CIGNA Life Insurance Company of New York's ("CLICNY") motion for summary judgment. (Electronic Order, 10/31/2018.) After the motion was fully briefed, Judge Brown issued a report and recommendation dated January 8, 2020 recommending that CLICNY's motion be granted (the "R&R"). (ECF No. 142.) Plaintiff filed a timely objection to the R&R, (ECF No. 144), to which CLICNY filed an opposition. (ECF No. 146.)

      In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific

reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and Plaintiff's objections.  I agree with Judge Brown's recommendation that Plaintiff's ERISA claims against CLICNY for failure to timely submit policy documents and miscalculation of his benefits payments should be dismissed.  Plaintiff has failed to demonstrate that there are any disputed issues of material fact regarding these issues, and he is not entitled to fees.  Furthermore, Plaintiff's assertion that "there are still ongoing conflicts," (ECF No. 144, at 1), does not require modification of the R&R which found, inter alia that Plaintiff's benefits payments, when paid, were correctly calculated.  (ECF No. 142, at 8–9.)  Plaintiff's seemingly new claim that CLICNY subsequently terminated benefits payments was not raised in response to CLICNY's summary judgment motion and will not be considered here.  Accordingly, I adopt Judge Brown's R&R in its entirety as the opinion of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that in forma pauperis status for the purpose of an appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**
Dated: February 25, 2020
      Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE