UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JASON P. BRAND,

                    Plaintiff,

  -against-                                    **SUA SPONTE REPORT & RECOMMENDATION**
                                                                        15-cv-5021(GRB)(AYS)

NARCO FREEDOM, INC.,

                    Defendant.
---------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

    This case, which has been pending since 2015, was recently referred to this Court for all pretrial proceedings, and for Reports and Recommendation to be issued as to all dispositive matters. See Order herein dated March 9, 2020. Upon such referral, this Court undertook a review of the docket, which revealed the following relevant docket activity, as well as two pending motions.

    This Court has already issued its Report and Recommendation as to the two pending motions. See Order dated March 23, 2020. Upon reconsideration, this Court has adhered to those rulings. See Order dated April 14, 2020. Upon consideration of additional submissions by the parties, and for the reasons set forth below the Court now recommends that Plaintiff's ADA claim be dismissed and that Defendant Narco Freedom, Inc. be dismissed from this action.

BACKGROUND

    Plaintiff's initial complaint herein alleged violations of Title VII and the ADA. See Docket Entry herein ("DE") [1]. The complaint also made reference to the FMLA and to denial of benefits due from Narco Freedom, Inc., Plaintiff's former employer ("Narco"). Id. In a

1

supplemental complaint, Plaintiff referred to additional claims he was pursuing for benefits and earned pay due under ERISA and/or the FLSA. DE [6].

Early on, Judge Azrack (the then-assigned District Judge) dismissed Plaintiff's action as to several named defendants. See DE [36]. The case was stayed against Narco due to that entity's filing of bankruptcy, but was allowed to proceed with respect to Defendant CIGNA. Id. On November 16, 2017, Judge Azrack referred discovery and all dispositive motions for Report and Recommendation to the then assigned (and then Magistrate Judge) Gary R. Brown. See Order dated November 16, 2017.

On January 10, 2018, after the stay against Narco was lifted, it moved to dismiss the complaint. Then-Magistrate Judge Brown recommended that Plaintiff's Title VII claims be dismissed for failure to state a claim, but declined to dismiss any ADA claim. See DE [105]. As to that claim, Magistrate Judge Brown raised, but did not decide, whether Plaintiff's remaining claim was barred by a settlement agreement between Plaintiff and Narco's bankruptcy estate. DE [105] at 7 n.1. In a decision dated September 18, 2018, Judge Azrack adopted then-Magistrate Judge Brown's recommendation. DE [108].

On January 3, 2019, CIGNA moved for summary judgment. DE [117]. In a Report and Recommendation dated January 3, 2019, then-Magistrate Judge Brown recommended that CIGNA's motion be granted, and that it therefore be dismissed from this case. DE [142]. On February 26, 2020, Judge Azrack adopted (now District Judge) Brown's recommendation. DE [147].

On March 9, 2020, after this case was assigned to District Judge Brown, and this Court became the assigned Magistrate Judge, District Judge Brown referred all pretrial proceedings to

2

this Court. Judge Brown's March 9, 2020 order also referred all dispositive motions to this Court for Report and Recommendation.

After a review of the docket reflected the proceedings described above, this Court noted pending motions (filed on November 15, 2019) appearing as Docket Entries herein 139 and 140. On March 23, 2020, this Court issued a Report and Recommendation as to those motions. In particular, this Court recommended (in light of the facts that CIGNA has already been dismissed from this action and the motions sought relief as to that entity) that the motions be denied as moot. Additionally, on March 26, 2020, this Court issued a scheduling order seeking clarification as to any remaining claims. In particular, after reviewing prior dispositive motion practice (in particular Magistrate Judge Brown's later-adopted opinion as to Narco's motion to dismiss) the Court noted that Plaintiff appeared to have only an ADA claim remaining in this litigation. This Court questioned the status of that claim, as well as Narco's position that this matter was stayed because Plaintiff had declared bankruptcy. On April 14, 2020, this Court ruled on Plaintiff's request for reconsideration of its March 23, 2020 Report and Recommendation, adhering to its prior decision as to Docket Entries 139 and 140.

On April 15, 2020, Plaintiff responded to this Court's March 26, 2020 scheduling order. DE [156]. On April 23, 2020, Narco entered its response on the docket herein. DE [157]. Having reviewed the docket and the parties' positions, the Court turns to the issues raised it its March 26, 2020 scheduling order.

## DISCUSSION

Upon consideration of the parties' responses to the issues raised, the Court recommends first a holding that there is no bankruptcy bar to going forward with this action. In light of the

3

fact there is no such bar to proceeding, the Court further recommends, based upon the discussion below, that like Cigna, Narco be dismissed from this action.

Certain facts have become clear. First, there is no bankruptcy bar to this action. Plaintiff asserts a readiness to move forward, and Narco agrees that its conception that this matter was barred by Plaintiff's bankruptcy filings was error. See DE [157] at 3. Thus, there is no question but that this matter may proceed.

Further, it is clear that Plaintiff has no claim under the ADA. In fact, despite checking the box for an ADA claim in his pro se complaint, Plaintiff's statements and submissions throughout this litigation make clear that he alleges no claim for relief under the ADA, or the FMLA. Instead, Plaintiff has made clear that this is a claim seeking the payment of wages and benefits that he states are due from Narco. See e.g., DE [32] at 7 (transcript of proceedings in which Plaintiff asserts that he makes no ADA claim); DE [152] at 7 (Plaintiff's characterization of his claims in this lawsuit as claims for wages earned and due, with no mention of any ADA or FMLA claim).

Next, it is clear that the terms of the bankruptcy settlement reached with Plaintiff bar this action. As set forth in Defendant Narco's submission in response to this Court's March 23, 2020 order, the bankruptcy stipulation of settlement makes clear that in exchange for release of certain retirement funds to Plaintiff, Plaintiff agreed to release any and all claims against Narco Freedom's Bankruptcy Estate, including but not limited to his claim for $178,166.85 in accrued benefits. Further, the parties agreed that Plaintiff would be able to "continue the prosecution of the Eastern District Action, including the enforcement of any judgment or settlement, but only to the extent of the limits of existing insurance coverage that may be applicable to the Eastern District Action . . ." See DE [157-1] at p. 10.

4

Thus, the stipulation of settlement clearly states that the only allowed claims in this action are those claims for which insurance provided indemnity. Defendant Narco's insurance policy by its carrier Philadelphia Indemnity Insurance Company provided that, "there is no coverage provided under this policy for any Claim related to, arising out of, based upon, or attributable to the refusal, failure or inability of any Insured(s) to pay Earned Wages . . ." See DE [157-2] at p. 3. The policy further excluded payment "to the extent that such Loss constitutes employment-related benefits, stock options, perquisites, deferred compensation or any other type of compensation earned by the claimant in the course of employment or the equivalent value thereof . . ." Id.

Plaintiff's latest filing has stated that he is seeking redress for $178,166.85 in accrued and unpaid benefits. See DE [152]. As such, based on the language of the insurance policy, clearly stating that employment related benefits or deferred compensation are not covered by the policy, and per the terms of the stipulation of settlement, Plaintiff's claims fall within the claims that Plaintiff released. Accordingly, this Court recommends that the only remaining claim here, Plaintiff's ADA claim be dismissed.

For the foregoing reasons, this Court respectfully recommends that Plaintiff's ADA claim be dismissed as it falls within the claims that Plaintiff released in the stipulation of settlement. Further, because Plaintiff's ADA claim was the last remaining cause of action against Defendant Narco, this Court respectfully recommends that Narco be dismissed from this action.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's ADA claim be dismissed, and that Defendant Narco be dismissed from this action.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Defendants by electronic filing on the date below. Counsel for Defendant Narco Freedom, Inc., is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by April 30, 2020. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      April 28, 2020

                                      /s/ Anne Y. Shields
                                      ANNE Y. SHIELDS
                                      United States Magistrate Judge