UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JASON BRAND,

                       Plaintiff,

v.

NARCO FREEDOM, INC., *et al.*,

                       Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 20 2020 ★

LONG ISLAND OFFICE

**ORDER ADOPTING
REPORT AND
RECOMMENDATIONS**
CV 15-5021 (GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

Pending before the Court in this matter is a Report and Recommendation ("R&R") dated March 23, 2020, and a *sua sponte* R&R dated April 28, 2020, by the Honorable Anne Y. Shields, United States Magistrate Judge. R&R dated Mar. 23, 2020; *Sua Sponte* R&R dated Apr. 28, 2020, Docket Entry ("DE") 158. For the reasons stated herein, both are adopted in the entirety.

## BACKGROUND

On August 19, 2015, *pro se* plaintiff Jason Brand commenced this action asserting, *inter alia*, claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") against defendant Narco Freedom, Inc. ("Narco Freedom"), and a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") against defendant Cigna Life Insurance Company of New York ("Cigna") for alleged underpayment of long term disability benefits under the policy that Cigna issued to Narco Freedom. *See* DE 1, 6.[1]

---

[1] Defendant Lari Lappin Jones was dismissed from this action by Order dated November 12, 2015. DE 16. Defendants NYS Attorney General Charities Bureau, Samaritan Village Inc., Acacia Network, New York State Office of Alcoholism and Substance Abuse Services were dismissed from this action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on March 31, 2016. DE 36.

1

The case was originally assigned to the Honorable Joan M. Azrack, U.S. District Judge, and the undersigned as U.S. Magistrate Judge.

Narco Freedom filed a motion to dismiss or in the alternative a motion for a more definite statement on January 10, 2018. DE 99. On August 30, 2018, the undersigned issued an R&R, recommending that Narco Freedom's motion to dismiss the Title VII claim be granted, the motion to dismiss the ADA claim be denied, and the motion for a more definite statement be denied. DE 105. Judge Azrack fully adopted the R&R. DE 108.

On January 3, 2019, Cigna filed a summary judgment motion. DE 117. On January 8, 2020, the undersigned issued an R&R recommending that Cigna's motion be granted in all respects. DE 142. Judge Azrack adopted report and recommendation in the entirety. DE 147. The case was then transferred to the undersigned as U.S. District Judge, and to the Honorable Anne Y. Shields, U.S. Magistrate Judge. Order dated Feb. 25, 2020.

On March 3, 2020, plaintiff filed a letter, requesting the Court reconsider the decision with regards to Cigna. DE 148. The Court issued the following electronic order:

> The motion to reconsideration is GRANTED. Upon reconsideration, and upon review of pro se plaintiff's submission entitled "SUBSTANTIAL RESPONSE RE: OPPOSITION TO DEF. CIGNA STATEMENT OF FACTS" 148, the Court will adhere to its original decision.

Electronic Order dated Mar. 6, 2020.

Plaintiff moved for the court to "proceed with the action (Change in Circumstances)" against Cigna, and for an order to show cause against Cigna. DE 139, 140. The Court referred these motions to Judge Shields for report and recommendation. Order dated Feb. 26, 2020; Order dated Mar. 9, 2020. On March 23, 2020, Judge Shields recommended that "Plaintiff's pending motions be denied as moot as they seek relief from defendant Cigna, who has already

been granted summary judgment and dismissed from this action pursuant to Docket Entries 142 and 147." Report and Recommendation dated Mar. 23, 2020.

On March 26, 2020, plaintiff filed a motion for reconsideration as to the March 23, 2020 R&R. DE 153. Judge Shields granted the motion for reconsideration, and held that, "upon reconsideration, [the Court] adheres to its prior recommendation issued on March 23, 2020 . . . ." Order dated Apr. 14, 2020.

Judge Shields requested letters from plaintiff and Narco Freedom as to the history and status of the case. Scheduling Order dated Mar. 10, 2020. Narco Freedom and plaintiff provided status letters to the Court. DE 149, 152. On April 28, 2020, Judge Shields issued a *sua sponte* R&R, which found, plaintiff's ADA claim "seek[s] the payment of wages and benefits that he states are due from Narco," and thus, the claim is not a claim for relief under the ADA, and is also barred by the terms of the bankruptcy settlement reached between plaintiff and Narco Freedom. DE 158 at 4-5. Accordingly, Judge Shields recommended that plaintiff's ADA claim be dismissed and Narco Freedom be dismissed from this action. DE 158. To date, plaintiff has not objected to the *sua sponte* report and recommendation dated April 28, 2020, and the time to do so has expired.

## LEGAL STANDARD

"Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof." *Crown Castle NG East, LLC v. Town of Oyster Bay*, No. 17-CV-3445(SJF)(ARL), 2020 WL 2393915, at *1 (E.D.N.Y. May 12, 2020) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)). "Any portion of such a report and recommendation to which a timely objection has

3

been made is reviewed *de novo*." *Id.* (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Rizk v. Tedford*, No. 18-CV-204 (VEC), 2020 WL 2415700, at *1 (S.D.N.Y. May 12, 2020).

"To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record." *Crown Castle NG East, LLC*, 2020 WL 2393915, at *1. The Court liberally construes *pro se* plaintiff's arguments and the pleadings in light of the special solicitude afforded to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

## DISCUSSION

As to the March 23, 2020 R&R, the Court construes the plaintiff's motion for reconsideration dated March 26, 2020, DE 153, as an objection, and the Court undertakes a *de novo* review of the record. Upon *de novo* review, including a review of plaintiff's motion for reconsideration dated March 26, 2020, DE 153, and the "SUBSTANTIAL RESPONSE RE: OPPOSITION TO DEF. CIGNA STATEMENT OF FACTS," DE 148, incorporated therein, the Court agrees with Judge Shields's comprehensive and well-reasoned report and recommendation, and adopts it as an opinion of the Court. The pending motions seeking relief from Cigna, DE 139 and 140, are denied as moot because the Court has granted summary judgment and dismissed Cigna from this action.

As to the *sua sponte* R&R dated April 28, 2020, plaintiff did not file a specific, timely objection, and there being no clear error, that R&R is adopted in its entirety. Plaintiff's ADA claim seeks payment of wages and benefits, which is not a claim for relief under the ADA, and is barred by the terms of the bankruptcy settlement.

## CONCLUSION

Based on the foregoing, the R&R dated March 23, 2020, and the *sua sponte* R&R dated April 28, 2020 are adopted in their entirety. The pending motions seeking relief from Cigna, DE 139 and 140, are denied as moot, and Narco Freedom is hereby dismissed from this action. The Clerk of the Court is directed serve a copy of this Order upon *pro se* plaintiff and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　May 20, 2020　　　　　　　　　　　　/s/ Gary R. Brown
　　　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

5